FILED
SEP 26 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1  DENISE M. CLARK, ESQ
2  D.C. Bar #420480
   1250 Connecticut Ave, N.W., Ste. 200
3  Washington, D.C. 20036
4  (202) 293-0015;  FAX: (202) 293-0115
   Attorney for Plaintiff
5

6

7              UNITED STATES DISTRICT COURT
8                  DISTRICT OF COLUMBIA
9

10 SONYA PETTAWAY,
11 11000 Ironwood Drive
   Hopewell, Virginia 23860
12
13              Plaintiff,
14     vs.
                                        Case: 1:07-cv-01721
15                                      Assigned To : Walton, Reggie B.
   TEACHERS INSURANCE AND               Assign. Date : 9/26/2007
16 ANNUITY ASSOCIATION OF                Description: Labor-ERISA
17 AMERICA,
   730 Third Ave.,
18 New York, NY 10017;
19
20 NATIONAL ACADEMY OF
   SCIENCES GROUP TOTAL
21 DISABILITY INSURANCE PLAN,
22 2101 Constitution Ave., N.W.,
   Washington, D.C. 20418 ;
23
24
   THE STANDARD BENEFIT
25 ADMINISTRATORS
   P.O Box 5031
26
   White Plains, NY 10602
27
28              Defendants.

Complaint for Benefits Under ERISA - 1

## COMPLAINT FOR BENEFITS UNDER ERISA

Plaintiff initiates this action and alleges as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. § 1132(a)(1)(B), § 1132(a)(3)(B) and § 1133 and the Department of Labor regulations issued there under (hereinafter "ERISA"). This Court has jurisdiction under 29 U.S.C. § 1132(e)(1).

2. Venue is proper pursuant to the provisions of 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e) (2), as the acts complained of occurred in the District of Columbia.

3. Plaintiff, Sonya Pettaway is a resident of Hopewell, Virginia.

4. Defendant National Academy of Sciences Group Total Disability Insurance Plan (hereinafter "DISABILITY PLAN") is an employee welfare benefit plan created pursuant to Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and offered by the National Academy of Sciences (EMPLOYER) for the benefit of its employees.

5. Defendant Standard Benefit Administrators is the third-party administrator (STANDARD) of the DISABILITY PLAN offered by the EMPLOYER.

6. At all relevant times, Plaintiff was an employee of EMPLOYER and was a participant in the DISABILITY PLAN.

7. The DISABILITY PLAN is underwritten by Defendant Teachers Insurance and Annuity Association (hereinafter "TIAA"). Defendant TIAA is responsible for all aspects of claim administration and is responsible for paying benefits.

8. DISABILITY PLAN is located in Washington, D.C., TIAA is located in New York, NY, and STANDARD is located in White Plains, NY.

9. The DISABILITY PLAN defines total disability or totally disabled as follows:

(1) "for the Elimination Period shown in PART 1, and for the next 24 months, being completely unable due to sickness, bodily injury, or pregnancy to perform the material and substantial duties of your Normal Occupation;

and

(2) after those 24 months, being unable due to sickness, bodily injury, or pregnancy to perform the material and substantial duties of any occupation for which you are reasonably qualified by education, training, or experience.

You must be under the Regular Care of a Physician, other than yourself or a member of your family.

10. On or about January 10, 2000, Plaintiff became disabled due to a motor vehicle accident.

11. Plaintiff began receiving long-term disability benefits in August 2000. Benefits were paid through August 2004.

12. On August 31, 2004, STANDARD terminated Plaintiff's long-term disability benefits. On October 18, 2004, Plaintiff appealed the termination of benefits.

13. On March 15, 2005, STANDARD conducted a review of the PLAINTIFF'S file without following the proper procedures set forth in the Department of Labor claims regulations, in particular failing to refer to the file for review by an appropriate physician.

14. On September 26, 2005, Defendant STANDARD denied Plaintiff's appeal.

15. Plaintiff has exhausted all administrative remedies or is otherwise excused from exhaustion by the conduct of Defendants.

16. At all relevant times, Plaintiff has been, and remains, totally disabled in accordance with the terms of the policy. She is under the continuous care of a physician.

17. Plaintiff has been damaged in excess of $60,000, which represents the benefits to date to which he is entitled under the terms of the DISABILITY PLAN, and related pension contributions in the amount of $11,000.

Complaint for Benefits Under ERISA - 4

18. Plaintiff has been forced to and will continue to expend attorney's fees to secure payment of the claims and is entitled to recover those fees pursuant to 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For an order that Plaintiff is entitled to reinstatement of long-term disability benefits;

2. For an order directing that Defendants TIAA and DISABILITY PLAN pay Plaintiff the long-term disability benefits from September, 2004 to the present;

3. For related pension contributions from September 2004 to the present;

4. For prejudgment interest;

5. For reasonable attorney's fees pursuant to 29 U.S.C. § 1132(g);

6. For costs of suit incurred herein; and

7. For such other relief as the Court deems just and proper.

1
2
3  DATED: September 26, 2007
4
5
6
7
8
9
10
...
28

DATED: *September 26, 2007*

Respectfully submitted,

DENISE M. CLARK (DC 420480)

_____
Attorney for Plaintiff
1250 Connecticut Ave., N.W., Ste. 200
Washington, D.C. 20036
P: (202) 293-0015
F: (202) 293-0115

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Sonya Pettaway
1100 Ironwood Drive
Hopewell, Virginia 23860

88588

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

### DEFENDANTS
TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA,
730 Third Ave.,
New York, NY 10017; NATIONAL ACADEMY OF SCIENCES GROUP TOTAL DISABILITY INSURANCE PLAN,
2101Constitution Ave., N.W., Washington, D.C. 20418 ; et..al

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

### (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Denise M. Clark
1250 Connecticut Ave., N.W., Ste. 200
Washington, D.C. 20036

Case: 1:07-cv-01721
Assigned To : Walton, Reggie B.
Assign. Date : 9/26/2007
Description: Labor-ERISA

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
◉ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. *General Civil (Other)*   OR   ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

③

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
29 U.S.C. 1132 and 29 U.S.C. 1133, improper denial of disability benefits and improper claims procedure

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 71,000    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐   NO ☒    If yes, please complete related case form.

DATE September 26, 2007    SIGNATURE OF ATTORNEY OF RECORD _/s/_

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.