IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA PETTAWAY, | ) |
| Plaintiff, | ) Case No. 1:07-CV-01721 |
| vs. | ) |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.* | ) |
| Defendants. | ) |

### DEFENDANT NATIONAL ACADEMY OF SCIENCES GROUP TOTAL DISABILITY INSURANCE PLAN'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Rule 12(b) and the Local Rules of the United States District Court for the District of Columbia, Defendant National Academy of Sciences Group Total Disability Insurance Plan (the "NAS" Plan), by and through undersigned counsel, hereby moves this Court to dismiss Plaintiff's Complaint with prejudice.

Plaintiff's claim for benefits under the Employee Retirement Income Security Act of 1974 ("ERISA") is governed by the three-year statute of limitations for breach of contract actions in the District of Columbia. The discovery rule, which is applied to claims for benefits under ERISA, provides that a cause of action accrues, and the statute of limitations begins to run, on the date Plaintiff discovered, or should have discovered, her benefits were being terminated. Plaintiff's long-term disability benefits were terminated on August 31, 2004, Plaintiff did not, however, file her Complaint until September 26, 2007, more than three years after her benefits were discontinued.

WHEREFORE, the NAS Plan respectfully requests that the Court grant its motion and dismiss Plaintiff's Complaint with prejudice. In further support of its motion, and in accordance

DC1 30212910.2

with Local Rule 7(a), the NAS Plan respectfully refers this Court to the accompanying memorandum of points and authorities.

          Respectfully submitted,

          NATIONAL ACADEMY OF SCIENCES
          GROUP TOTAL DISABILITY INSURANCE
          PLAN

          By  /s/ Eyana J. Smith_____
              Karla Grossenbacher  (#422544)
              Eyana J. Smith (# 489466)
              SEYFARTH SHAW LLP
              815 Connecticut Ave, N.W. Ste 500
              Washington, D.C. 20006-4004
              (202) 463-2400 (ph)
              (202) 828-5393 (fax)

          *Its Attorneys*

Dated:  November 30, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SONYA PETTAWAY, | ) |
| Plaintiff, | ) Case No. 1:07-CV-01721 |
| vs. | ) |
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.* | ) |
| Defendants. | ) |

DEFENDANT NATIONAL ACADEMY OF SCIENCES GROUP
TOTAL DISABILITY INSURANCE PLAN'S MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant National Academy of Sciences Group Total Disability Insurance Plan (the "NAS Plan"), by and through undersigned counsel, hereby submits the following memorandum of points and authorities in support of its motion to dismiss Plaintiff's Complaint with prejudice.

STATEMENT OF FACTS

Plaintiff began receiving long term disability benefits under the NAS Plan in August 2000. Compl. ¶ 11. Plaintiff's benefits were terminated on August 31, 2004. Id. at ¶ 12. Plaintiff subsequently filed an administrative appeal of the termination of benefits on October 18, 2004, which was subsequently denied on September 26, 2005. Id. at ¶¶ 12, 14. Plaintiff filed her Complaint in the case at bar on September 26, 2007.

ARGUMENT

Plaintiff's ERISA claims are time-barred because she failed to file her Complaint within the applicable three-year limitations period. Because ERISA does not have its own statute of limitations provision that applies to claims for benefits under Section 502(a)(1)(b), courts apply

DC1 30212910.2

the most analogous state law limitations period in the state in which the forum court sits in order to determine the time in which a suit must be brought.  Connors v. Hallmark & Son Coal Co., 935 F.2d 336, 341 (D.C. Cir. 1991); In re United Mine Workers of Am. Emp. Benefit Plans Litig., 854 F. Supp. 914, 920 n.10 (D.D.C. 1994).  Claims for benefits under ERISA are generally analogized to breach of contract claims.  Walker v. Pharm. Research and Manufs. of Am., 461 F. Supp. 2d 52, 56, n.6.  Courts apply federal law to decide when the applicable statute of limitations begins to run in a claim for benefits under ERISA.  Walker, 461 F. Supp. 2d at 56, n.6. (citing Connors, 935 F.2d at 341.)

In the District of Columbia, the statute of limitations period for breach of contract actions is three years.  D.C. Code § 12-301(7) (2007).  The D.C. Circuit, as well as eight other United States Courts of Appeal, have held that the "discovery rule" applies to federal question cases, including ERISA actions, to determine when a cause of action accrues.  Connors, 935 F.2d at 342 (collecting cases).  See also Walker, 461 F. Supp. 2d at 56 (concluding ERISA claims "begins to run when a fiduciary clearly repudiates a beneficiary's claim for benefits" even if this date is before the plaintiff files an administrative claim for benefits); Flynn v. Pulaski Constr. Co., Inc., No. 02-02336, 2006 U.S. Dist. LEXIS 1680, at *29 (D.D.C. Jan. 6, 2006) (holding ERISA claim accrues when plaintiff discovered or with due diligence should have discovered the injury).

Accordingly, the limitations period in this case began to run when Plaintiff discovered the injury (*i.e.* the repudiation/termination of benefits).  As the D.C. Circuit held in another ERISA case:

> [W]here the defendant communicates his repudiation of the contract or fails to deliver the goods on the appointed day – one would expect the plaintiff to become aware of the injury at the time it occurs.  A court will therefore impute such awareness to the

2

3

> plaintiff and hold that the limitations period commenced at the
> time of injury, even if the plaintiff protests that she did not in fact
> become aware of the injury when it occurred.

Connors, 935 F.2d at 342. Plaintiff's long term disability benefits were terminated on August 31, 2004. Thus, her cause of action accrued on August 31, 2004, and therefore, her claim for benefits expired three years later, on August 31, 2007. Because she did not file her Complaint until September 26, 2007, her ERISA claims are time-barred.

The fact that Plaintiff subsequently filed an administrative appeal of the decision to terminate her benefits has no bearing on the timeliness of her claims. Several United States Courts of Appeal have held that a "clear repudiation" of a benefit entitlement triggers the statute of limitations for ERISA claims, regardless of the formal adjudication of the denial. See e.g. Carey v. Int'l Bro. of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 47-48 (2d Cir. 1999); Union Pac. R.R. v. Beckam, 138 F.3d 325, 330-31 (8th Cir. 1998); Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 65-67 (7th Cir. 1996). As stated by this Court in Walker, "[w]hen a clear repudiation occurs before the plaintiff files a formal claim for benefits, the date of the repudiation controls." 461 F. Supp. 2d at 56 (emphasis added). Plaintiff's Complaint must therefore be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, NAS respectfully requests that its motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

                              Respectfully submitted,

                              NATIONAL ACADEMY OF SCIENCES
                              GROUP TOTAL DISABILITY INSURANCE
                              PLAN

                              By  /s/ Eyana J. Smith
                                 Karla Grossenbacher  (#422544)
                                 Eyana J. Smith (# 489466)
                                 SEYFARTH SHAW LLP
                                 815 Connecticut Ave., N.W. Ste 500
                                 Washington, D.C. 20006-4004
                                 (202) 463-2400 (ph)
                                 (202) 828-5393 (fax)

                              *Its Attorneys*

Dated:  November 30, 2007

CERTIFICATE OF SERVICE

    I hereby certify that a true and accurate copy of the foregoing Defendant National Academy of Sciences Group Total Disability Insurance Plan's Motion to Dismiss Plaintiff's Complaint was served via U.S. mail postage pre-paid, this 30th of November 2007 upon the following:

Counsel for Plaintiff
Denise M. Clark, Esq.
1250 Connecticut Ave., N.W., Ste. 200
Washington, DC  20036
(202) 293-0015 (ph)
(202) 293-0115 (fax)

Counsel for TIAA and Standard
Andrew Altschul
Altschul Law Office PC
117 SW Taylor Street, Ste 200
Portland, Oregon 97204
(503) 417-0444 (ph)
(503) 417-0501 (fax)

                                        /s/ Eyana J. Smith
                                        Eyana J. Smith

DC1 30212910.2