IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SONYA PETTAWAY, <br><br> Plaintiff, <br><br> vs. <br><br> TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA, *et al.* <br><br> Defendants. | Case No. 1:07-CV-01721 |

**TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA'S AND
STANDARD BENEFIT ADMINISTRATORS'
<u>MOTION TO DISMISS AND STATEMENT OF POINTS AND AUTHORITIES</u>**

In accordance with Federal Rules of Civil Procedure ("FRCP") 12(b)(6) Defendants Teachers Insurance and Annuity Association of America ("TIAA") and Standard Benefit Administrators ("SBA") move to dismiss Plaintiff's Complaint in its entirety because it barred by the applicable statute of limitations. This Motion is supported by the Statement of Points and Authorities below, the Proposed Order filed, and any other matters the Court deems relevant.

**I.   FACTS**

    **A.   Background**

Plaintiff Sonya Pettaway was employed by the National Academy of Sciences ("NAS") and as a benefit of that employment she became a participant in the National Academy of Sciences Group Total Disability Insurance Plan (the "Plan"). (Complaint ¶ 3). The Plan is an ERISA plan underwritten by TIAA (Complaint ¶¶ 4, 7). SBA was the claims administrator. (Complaint ¶ 5).

After being injured in a motor vehicle accident in January, 2000, Pettaway ceased work and began receiving long term disability ("LTD") benefits under the Plan effective August, 2000. (Complaint ¶ 10). On August 31, 2004, however, Pettaway's benefits were terminated. (Complaint ¶ 12). Although Pettaway appealed the termination of her benefits, the appeal was upheld on September 26, 2005 and Pettaway's benefits were never reinstated. (Complaint ¶¶ 12, 14).

Plaintiff commenced this ERISA denial of benefit action on September 26, 2007.

## II. ARGUMENT

### A. Legal Standard

A motion to dismiss for failure to state a claim under FRCP 12(b)(6) should not be granted unless the plaintiff "can prove no set of facts in support of their claim which would entitle them to relief." *Kowai v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (DC Cir 1994). In ruling on a motion to dismiss, the court should construe the Complaint liberally in plaintiffs' favor, but "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Id.*

### B. Pettaway's ERISA Denial of Benefits Claim is Barred by the Statute of Limitations.

ERISA does not provide a statute of limitations for denial of benefit claims pursuant to 29 USC § 1132 (also referred to as Section 502). *Walker v. Pharm. Research & Mfrs. of Am*, 439 F.Supp.2d 103, 106 (DC DC 2006). But "courts have uniformly characterized ERISA § 502 claims as breach of contract claims for purposes of determining the most analogous statute of limitations under state law." *Id.* (quoting *Meade v. Pension Appeals & Review Comm*, 966 F.2d 190, 195 (6th Cir 1992)). In the District of Columbia, the statute of limitations for breach of

2

contract, and, in turn, an ERISA claim for benefits, is three years. *Walker*, 439 F.Supp.2d 103.; D.C. Code § 12-301(7)-(8).

The statute of limitation begins when the plaintiff's benefits are "clearly and unequivocally repudiate[d]." *Walker*, 439 F.Supp.2d at 106.[1] In a situation like this one, courts have universally agreed that occurs when the plaintiff's benefits are *initially* denied if the repudiation was not clear sooner. *Walker*, 439 F.Supp.2d at 106; *See also, e.g., Heighley v. J.C. Penny Ins., Co.*, 257 F.Supp.2d 1241, 1257 (CD Cal 2003) (holding that denial letter that invites the plaintiff to submit additional information still starts the statute of limitations' clock); *Lewis v. John Hancock Mutual Life Insurance Company*, 6 F.Supp.2d 244, 247 (SDNY 1998) ("Plaintiff's right of action first commenced … when plaintiff was unequivocally notified that he was no longer entitled to disability benefits and that plaintiff could appeal this determination …").

Here, the date that plaintiff was first notified that her benefits were repudiated is not in dispute. After receiving benefits for four years, she was told her benefits would stop—and her benefits in fact did stop—on August 31, 2004. Plaintiff had three years from that date, August 31, 2007, to commence this action. But she did not file this Complaint until September 26, 2007. Accordingly, it is untimely and must be dismissed as barred by the statute of limitations.

## III.   CONCLUSION

For the reasons discussed above, Pettaway's Complaint against TIAA and SBA should be dismissed in its entirety and with prejudice.

---

[1] *See also, Henglein v. Colt Indus. Operating Corp.*, 260 F.3d 201 (3rd Cir 2001) *cert. denied* 535 US 955 (2002); *Wetzel v. Lou Ehlers Cadillac Group Long Term Ins. Program*, 222 F.3d 643 (9th Cir 2000); *Casey v. Electical Workers (IBEW) Local 363 Pension Plan*, 201 F.3d 44 (2nd Cir 1999); *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325 (8th Cir.) *cert. denied* 525 US 817 (1998); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129 (7th Cir. 1992).

3

Respectfully submitted,

By: /s/ Elisabeth Moriarty-Ambrozaitis
Elisabeth Moriarty-Ambrozaitis # 488848 (Local Counsel)

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Andrew Altschul (*pro hoc vice* motion pending)
Altschul Law Office, PC
117 SW Taylor Street, Ste 200
Portland, Oregon 97204
(503) 417-0444
(503) 417-0501 (facsimile)
Lead Counsel for Defendants Teachers Insurance and Annuity Association of America and The Standard Benefit Administrators

Date:   November 30, 2007

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Teachers Insurance And Annuity Association Of America's And Standard Benefit Administrators' Motion to Dismiss and Statement of Points and Authorities, was served electronically this 30th day of November 2007, upon:

>Denise M. Clark, Esq.
>1250 Connecticut Ave., N.W., Ste. 200
>Washington, DC 20036
>(202) 293-0015 (ph)
>(202) 293-0115 (fax)
>*Counsel for Plaintiff*
>
>Karla Grossenbacher, Esq.
>Eyana Smith, Esq.
>SEYFARTH SHAW LLP
>815 Connecticut Avenue, N.W.
>Suite 500
>Washington, D.C. 20006-4004
>(202) 463-2400
>(202) 828-5393 (facsimile)
>*Counsel for Defendant National Academy of Sciences Group Total Disability Insurance Plan*

>/s/ Elisabeth Moriarty-Ambrozaitis
>Elisabeth Moriarty-Ambrozaitis

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA PETTAWAY, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-CV-01721 |
| ) | |
| vs. ) | |
| ) | |
| TEACHERS INSURANCE AND ANNUITY ) | |
| ASSOCIATION OF AMERICA, *et al.* ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on a Motion to Dismiss in the above-captioned case, pursuant to the Rules of the United States District Court for the District of Columbia and the Federal Rules of Civil Procedure. Upon consideration of this motion, any opposition thereto and the entire record herein, it is this ____ day of _____, 2007,

ORDERED that Defendants Teachers Insurance and Annuity Association of America's and Standard Benefit Administrator's Motion to Dismiss is GRANTED; and it is

FURTHER ORDERED that Plaintiff's Complaint is dismissed in its entirety, with prejudice.

SO ORDERED.

_____
HON. JUDGE REGGIE B. WALTON

DC1 30213150.2