IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA PETTAWAY, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:07-CV-01721 |
| | ) |
| vs. | ) |
| | ) |
| TEACHERS INSURANCE AND ANNUITY | ) |
| ASSOCIATION OF AMERICA, *et al.* | ) |
| | ) |
| Defendants. | ) |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT NAS PLAN'S MOTION TO DISMISS

Defendant National Academy of Sciences Group Total Disability Insurance Plan ("NAS Plan"), by and through undersigned counsel, and pursuant to Local Civil Rule 7(d) of this Court, respectfully submits this reply memorandum of points and authorities in support of its Motion to Dismiss.[1]

ARGUMENT

Plaintiff's argues in her Opposition that the statute of limitations on her ERISA claims was, in effect, tolled until the exhaustion of her claim with the NAS Plan's administrative appeals process has no basis in District of Columbia federal law. To the contrary, Plaintiff's tolling argument is contradictory to this Circuit's application of the discovery rule to ERISA benefits cases.

---

[1] Plaintiff states in her Opposition that the NAS Plan did not seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6). This is not true. The first line of the NAS Plan's Motion to Dismiss provides that it seeks dismissal "[p]ursuant to 12(b)." Plainly, the NAS Plan seeks dismissal under Fed. R. Civ. P. 12(b)(6).

In Connors v. Hallmark & Son Coal Co., 935 F.2d 336 (D.C. Cir. 1991), the United States Court of Appeals for the District of Columbia Circuit expressly rejected Plaintiff's argument that the statute of limitations on her claim does not accrue until the administrative appeals process has been concluded and she is able to assert a claim in court. In Connors, the plaintiff-Trustees argued that because of the discovery rule, ERISA claims accrued when the injury should have been discovered. Id. at 341. Conversely, Hallmark argued that ERISA claims accrued "when the plaintiff's right to resort to the courts is complete, whether or not she has discovered the injury." Id. The D.C. Circuit held that the discovery rule was the general accrual rule for federal cases in the District of Columbia and explicitly rejected Hallmark's argument that the statute of limitations accrued only when the right to sue in court is established, reasoning that ERISA benefits cases were more in line with cases in which when "the defendant communicates his repudiation of the contract or fails to deliver the goods on the appointed day [i.e. ceases to provide the benefits]…one would expect the plaintiff to become aware of the injury at the time it occurs." Id.[2]

Federal courts in other jurisdictions have also rejected Plaintiff's argument that the statute of limitations is tolled during the administrative appeals process, noting that the discovery rule

---

[2] Significantly, Plaintiff fails to cite even one case that actually supports her proposition that her ERISA claims were tolled by her participation in the disability plan's administrative appeals process. Contrary to Plaintiff's assertions, Communication Workers of Am. v. American Telephone and Telegraph Co., 40 F.3d 426 (D.C. Cir. 1994) is not the "seminal decision" in this Circuit on the tolling of ERISA claims based on exhaustion. Opp. at 3. Rather, the Communication Workers decision focused solely on the futility exception to the administrative exhaustion rule. 40 F.3d at 432-33. In that case, unlike in this case, the plaintiff argued that it was futile to file an internal claim for benefits, and failed to do so, because other employees who had undergone the administrative claims process were denied benefits. Id. at 432. The Communication Workers court did not make any findings regarding accrual dates or the tolling of ERISA claims. Id. It is therefore not relevant to the issues in the case at bar.

would trump any potential conflict with the discretionary exhaustion rule.  See, e.g., Carey v. Int'l Bro. of Elec. Workers Local 363 Pension Plan, 201 F.3d 44, 48(2d Cir. 1999) ("To be sure, requiring an ERISA plaintiff to file suit upon a plan's clear repudiation even in the absence of application may, in some instances, result in piecemeal litigation, or litigation of claims that the plan might otherwise have resolved internally....*But these concerns are not substantial enough to warrant a departure from the general rule that a plaintiff's claim accrues when he discovers, or with reasonable diligence should discover, the injury that gives rise to his claim.*") (emphasis added); Romero v. Allstate Corp., 404 F.3d 212, 223 (3d Cir. 2005) (finding that the "clear repudiation" rule is consistent with the discovery rule "and, in the specific context of ERISA, avoids a myriad of ills that would accompany any rule that required the denial of a formal application for benefits before a claim accrues."); Patterson-Prior v. Unum Life Ins. Co. of Am., 846 F. Supp. 1102,1108 (E.D.N.Y. 1994) (surmising that the initial denial of the plaintiff's ERISA benefit claim, and not the denial of the claim at the internal appeals or reconsideration level, was the date of accrual).

Accordingly, under this standard, Plaintiff's ERISA claim for benefits began to run on August 31, 2004, the date that her benefits were terminated and hence the initial date of repudiation.  Her ERISA action is therefore untimely and dismissal is warranted.[3]

---

[3] As Plaintiff notes, the exhaustion requirement for ERISA claims is "a matter of judicial discretion."  Opp. at 3.  It is the discretionary nature of the exhaustion rule that has caused federal courts to find that it is trumped by the discovery rule.  As held by the Northern District of Indiana when granting dismissal in an ERISA Section 502 matter:

> This court agrees that exhaustion of remedies is merely a discretionary requirement.  *Thus, in a case such as this, where the applicable limitations period would require the claimant to bring suit by a specific date regardless of the status of an administrative appeal, exhaustion of administrative remedies would not be a prerequisite to bringing a suit*....Mr. Ingram was required to bring

3

CONCLUSION

For the foregoing reasons, NAS Plan respectfully requests that its Motion be granted and that Plaintiff's Complaint be dismissed with prejudice.

Respectfully submitted,

NATIONAL ACADEMY OF SCIENCES
GROUP TOTAL DISABILITY INSURANCE
PLAN

By /s/ Eyana J. Smith
    Karla Grossenbacher  (#422544)
    Eyana J. Smith (# 489466)
    SEYFARTH SHAW LLP
    815 Connecticut Ave., N.W. Ste 500
    Washington, D.C. 20006-4004
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

*Its Attorneys*

Dated:  January 10, 2008

---

suit on or before September 26, 1980.  Because Mr. Ingram did not initiate this cause until 1993, the action is barred.

Ingram v. Travelers Ins. Co., 897 F. Supp. 1160, 1166-67 (N.D. Ind. 1995) (emphasis added).

The same result should apply to the case at bar.

4

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing Defendant National Academy of Sciences Group Total Disability Insurance Plan's Reply to Plaintiff's Memorandum Opposing Defendants' Motion to Dismiss was served via electronic notification and U.S. mail postage pre-paid, this 10th of January 2008 upon the following:

Counsel for Plaintiff
Denise M. Clark, Esq.
1250 Connecticut Ave., N.W., Ste. 200
Washington, DC  20036
(202) 293-0015 (ph)
(202) 293-0115 (fax)

Counsel for TIAA and Standard
Andrew Altschul
Altschul Law Office PC
117 SW Taylor Street, Ste 200
Portland, Oregon 97204
(503) 417-0444 (ph)
(503) 417-0501 (fax)

Elisabeth Moriarty-Ambrozaitis
SEYFARTH SHAW LLP
815 Connecticut Ave., N.W. Ste 500
Washington, D.C. 20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)

/s/ Eyana J. Smith
Eyana J. Smith