IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
SONYA PETTAWAY,                      )
                                     )
              Plaintiff,             )   Case No. 1:07-CV-01721
                                     )
vs.                                  )
                                     )
TEACHERS INSURANCE AND ANNUITY       )
ASSOCIATION OF AMERICA, *et al.*     )
                                     )
              Defendants.            )
                                     )
_____  )

## TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA'S AND STANDARD BENEFIT ADMINISTRATORS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS

All parties agree that this case is governed by a three-year statute of limitations. The only dispute is whether the statute began to run on August 31, 2004, the day Pettaway's benefits were cut-off, or whether the statute began to run on September 26, 2005 (or March 15, 2005), the day Pettaway exhausted her administrative remedies.[1]

Contrary to Pettaway's assertion, however, the fact that Pettaway had administrative remedies to pursue before commencing her lawsuit has no impact on the start of the statute of limitations. And her attempts to distinguish this court's *Walker v. Pharm. Research & Mfrs. of Am.* decisions are off the mark. *See Walker v. Pharm. Research & Mfrs. of Am.*, 439 F.Supp.2d

---

[1] Pettaway's Complaint identifies both March 15, 2005 and September 26, 2005 as dates Pettaway's administrative appeal was denied. (Complaint ¶¶ 13-14). In TIIA and SBA's motion to dismiss, defendants relied upon the latter because that is the date most favorable to Pettaway. In her response brief, however, Pettaway uses the earlier date. (See Plaintiff's Memorandum Opposing Defendant's Motion to Dismiss at 2 and Exhibit 2).

103 (D.D.C. 2006) ("*Walker I*") and *Walker v. Pharm. Research & Mfrs. of Am.*, 461 F.Supp.2d (D.D.C. 2006) ("*Walker II*").

First, although *Walker* involved both a section 502 denial of benefits claim and a section 510 retaliation claim, the court's opinion regarding the running of the statute of limitation was squarely focused on the section 502 denial of benefit claims: "the statute of limitations on an *ERISA § 502* claim begins to run when the fiduciary clearly and unequivocally repudiates the beneficiary's benefits claim." *Walker I*, 439 F.Supp.2d at 107.

Second, *Walker II* expressly rejected the notion that a "formal denial of benefits through an administrative process" is "the only means by which to" start the statute of limitations clock.

> In ERISA § 502 claim begins to run when a fiduciary clearly repudiates a beneficiary's claim to benefits. *Romero v. Allstate Corp.*, 404 F.3d 212, 223 (3d Cir. 2005). While this typically coincides with the formal denial of benefits through an administrative process, it is not the only means by which to repudiate a plaintiff's claim to benefits. *See id.* at 222-23; *Union Pac. R.R. Co. v. Beckham*, 138 F.3d 325, 330-31 (8th Cir. 1998). When a clear repudiation occurs before the plaintiff files a formal claim for benefits, the date of the repudiation controls. *Romero*, 404 F.3d at 223; *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 48 (2d Cir. 1999); *Union Pac.*, 138 F.3d at 330-31.

*Walker II*, 461 F. Supp. 2d at 56.

Here, Pettaway was receiving benefits for four years when they were cut-off on August 31, 2004. (Complaint ¶¶ 10, 12). It's hard to imagine a clearer repudiation of benefits. Accordingly, even before she filed any administrative appeal, the clock began to run.

Moreover, exhausting her administrative remedies did not put any difficulty on Pettaway to timely file her lawsuit. Pettaway had at 23-months (if she exhausted her remedies on September 26, 2005) to file this claim in a timely fashion. And almost 30-months if she exhausted her remedies on March 15, 2005.

There is simply no reason why this case should not have been timely filed. Accordingly, we respectfully request that Pettaway's Complaint against TIAA and SBA should be dismissed in its entirety and with prejudice.

Respectfully submitted,

By: /s/ Elisabeth Moriarty-Ambrozaitis
Elisabeth Moriarty-Ambrozaitis # 488848
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Andrew Altschul (admitted *pro hoc vice*)
Altschul Law Office, PC
117 SW Taylor Street, Ste 200
Portland, Oregon 97204
(503) 417-0444
(503) 417-0501 (facsimile)

Defendants TIAA and SBA Attorneys

Date:   January 10, 2008

DC1 30215923.1

CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing **Teachers Insurance And Annuity Association Of America's And Standard Benefit Administrators' Reply In Support Of Their Motion To Dismiss** was served electronically this 10th day of January 2008, upon:

        Denise M. Clark, Esq.
        1250 Connecticut Ave., N.W., Ste. 200
        Washington, DC  20036
        (202) 293-0015 (ph)
        (202) 293-0115 (fax)
        *Counsel for Plaintiff*

        Karla Grossenbacher, Esq.
        Eyana Smith, Esq.
        SEYFARTH SHAW LLP
        815 Connecticut Avenue, N.W.
        Suite 500
        Washington, D.C. 20006-4004
        (202) 463-2400
        (202) 828-5393 (facsimile)
        *Counsel for Defendant National Academy of Sciences*
        *Group Total Disability Insurance Plan*


        /s/ Elisabeth Moriarty-Ambrozaitis
        Elisabeth Moriarty-Ambrozaitis