**DENISE M. CLARK, ESQ**
**D.C. Bar  #420480**
**1250 Connecticut Ave, N.W., Ste. 200**
**Washington, D.C. 20036**
**(202) 293-0015;   FAX:  (202) 293-0115**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA PETTAWAY,<br>11000 Ironwood Drive<br>Hopewell, Virginia 23860<br><br>              Plaintiff,<br><br>      vs.<br><br>TEACHERS INSURANCE AND ANNUITY<br>ASSOCIATION  OF AMERICA,<br>730 Third Ave.,<br>New York, NY 10017;<br><br>NATIONAL ACADEMY OF SCIENCES<br>GROUP TOTAL DISABILITY INSURANCE<br>PLAN,<br>2101Constitution Ave., N.W., Washington, D.C.<br>20418 ;<br><br>THE STANDARD BENEFIT<br>ADMINISTRATORS<br>P.O Box 5031<br>White Plains, NY 10602<br><br>              Defendants. | Case No.  1:07-CV-01721<br><br>       (RBW) |

**PLAINTIFF'S SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES PLAINTIFF, and in response to Defendants' respective Reply Briefs reiterates her argument that this jurisdiction has articulated that in the case of a claim under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), exhaustion is required before a participant can pursue his or her claim in federal court.  Defendants have each expressed that the statute of limitation accrues when the denial letter dated August 12, 2004 was issued, as it reflects the initial date of repudiation.  Plaintiff's position is that a claim denial letter cannot reflect a clear repudiation if the plan has adopted an appeals procedure consistent with the ERISA regulatory provisions promulgated by the Department of Labor.  Therefore the statute did not accrue before March 15, 2005 when the appeal denial letter was issued.  Correspondingly, Defendants take the position that there is no tolling during the exhaustion of the appeals procedure, while Plaintiff takes the position that tolling flows directly from the exhaustion requirement.

While federal common law holds that the claim accrues where there has been a clear repudiation of the claim for benefits, courts are split on both the accrual and tolling issues.  Contrary to Defendant's position, this court has not ruled on the accrual or the tolling issue.  Defendants' reliance on *Connors v. Hallmark & Son Coal Co.*, 93 F. 2d 336 (D.C. Cir. 1991), is misplaced as it involves a dispute over employer contributions and the audit rights of a multiemployer plan, not a claim for benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B).

Supportive of Plaintiff's argument that the statute of limitations does not begin to run until the close of the appeals procedure, is the *Wolfe v. 3M Short Term Disability Plan*, 176 F. Supp. 2d 911, 916-919 (D. Minn. 2001); *Jeffries v. Trustees of Northorp Grumman Sav. & Inv. Plan*, 169 F. Supp. 2d 1380, 1381-83 (M.D. Ga. 2001); and, *Laurenzano v. Blue Cross & Blue Shield*, 134 F. Supp. 2d 189, 210-211 (D.Mass. 2001).  Because this issue does not appear to have been addressed in this district, Plaintiff respectfully requests that the court consider these case as it evaluate Plaintiff's case.

For the reasons set forth herein, Defendant's respective Motions to Dismiss should be denied.

Respectfully submitted,

_____s/Denise M. Clark_____

Denise M. Clark (DC 420480)
Attorney for Plaintiff

The Law Office of Denise M. Clark, PLLC
1250 Connecticut Ave., N.W., Ste. 200
Washington, DC 20036
Phone: (202) 293-0015
Fax:    (202) 293-0115