UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SONYA PETTAWAY,                     )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 07-1721 (RBW)
                                    )
TEACHERS INSURANCE AND ANNUITY      )
ASSOCIATION OF AMERICA, et al.,     )
                                    )
            Defendants              )
_____ )

**MEMORANDUM OPINION**

Sonya Pettaway, the plaintiff in this civil lawsuit, seeks reinstatement of her long-term disability benefits, lost benefits for the period during which her benefits were terminated, prejudgment interest, and attorneys' fees from the Teachers Insurance and Annuity Association of America (the "TIAA"), the National Academy of Sciences Group Total Disability Insurance Plan (the "NAS Plan"), and The Standard Benefit Administrators (the "SBA"), for alleged unlawful termination of her disability benefits under the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 (2000) (the "ERISA"). Complaint (the "Compl.") ¶¶ 1, 17-18. Currently before the Court are two separate motions to dismiss pursuant to Federal Rule of Civil Produce 12(b)(6): one by the TIAA and the SBA, and another by the NAS Plan. Defendant National Academy of Sciences Group Total Disability Insurance Plan's Motion to Dismiss Plaintiff's Complaint at 1; Teacher's Insurance and Annuity Association of America's and Standard Benefit Administrators' Motion to Dismiss and Statement of Points and Authorities (the "Defs. TIAA/SBA Mot.") at 1. After carefully reviewing the plaintiff's complaint, the

parties' motions, and all memoranda and exhibits relating thereto,[1] the Court concludes that it must deny the defendants' motion to dismiss for the reasons that follow.

## I. Background

The following facts are alleged in the plaintiff's complaint. The plaintiff, who was employed by the National Academy of Sciences, was enrolled in its Disability Insurance Benefits plan. Compl. ¶ 6. The benefit plan was governed by the ERISA and underwritten by the TIAA. Id. ¶ 7. The plaintiff became disabled "[o]n or about January 10, 2000 . . . due to a motor vehicle accident" and began receiving long-term disability payments in August of 2000. Id. ¶¶ 10-11.

The SBA, which administers the plaintiff's TIAA benefit plan, later terminated the plaintiff's benefits on August 31, 2004, a decision that the plaintiff appealed internally on October 18, 2004. Id. ¶ 12. On March 15, 2005, the SBA concluded that the plaintiff had filed her appeal "without following the proper procedures set forth in the Department of Labor claims regulations, in particular failing to refer to the file for review by an appropriate physician." Id. ¶ 13. As a result, the plaintiff's appeal was denied on September 26, 2005. Id. ¶ 14.

The plaintiff filed her complaint in this Court on September 26, 2007. In her complaint, the plaintiff alleges that she "has been, and remains, totally disabled in accordance with the terms

---

[1] In addition to the plaintiff's complaint and the defendants' motions to dismiss, the Court considered the following documents in reaching its decision: (1) Defendant National Academy of Sciences Group Total Disability Insurance Plan's Memorandum of Points and Authorities in support of its Motion to Dismiss (the "Def. NAS Plan's Mem."), (2) Plaintiff's Memorandum Opposing Defendants' Motions to Dismiss Pursuant to [Federal Rule of Civil Procedure] 12(b)(6) (the "Pl.'s Opp'n"), (3) Reply Memorandum of Points and Authorities in Support of Defendant NAS Plan's Motion to Dismiss (the "Def. NAS Plan's Reply Mem."), and (4) Teachers Insurance and Annuity Association of America's and Standard Benefit Administrators' Reply in Support of Their Motion to Dismiss (the "Defs. TIAA/SBA Reply"). (The plaintiff also filed a sur-reply in opposition to the defendants' motions, but the court did not consider this filing because the plaintiff did not seek prior leave from the Court to file the sur-reply and the Court's local rules do not permit such a filing. See Local Civ. R. 7 (setting forth the guidelines for filing motions and memoranda of law in this Court).)

of the [ERISA governed benefits] policy." Id. ¶ 16. She seeks, inter alia, relief from the defendants in the form of restoration of her benefits. Id. ¶ 17-18.

The defendants assert that the plaintiff's complaint should be dismissed because the plaintiff failed to file her complaint within the applicable statue of limitations period. Defs. TIAA/SBA's Mot. at 3; Def. NAS Plan's Mem. at 1. They argue that dismissal is compelled because "[i]n the District of Columbia, the statute of limitations for . . . an ERISA claim for benefits[] is three years" and the clock for the limitations period began to run on the date the plaintiff was told her benefits would be terminated–August 31, 2004. Defs. TIAA/SBA's Mot. at 3; Def. NAS Plan's Mem. at 2. Therefore, they conclude that because the plaintiff waited to file her complaint until September 26, 2007, more than three years after the statute of limitations began to run, her claim is time-barred and must be dismissed. Defs. TIAA/SBA's Mot. at 3; Def NAS Plan's Mem. at 3.

The plaintiff contests when the limitations period commenced, asserting that "the statute of limitations could not commence before [she] exhausted [the d]efendants' internal remedies, i.e., the appeals procedure." Pl.'s Opp'n at 6. She notes that "courts across the country, including the District of Columbia Circuit, have applied" a requirement mandating that a plaintiff exhaust internal administrative remedies before bringing suit in a federal court. Id. at 3. Thus, the plaintiff maintains that the statute of limitations began on March 15, 2005, when "the plan's internal remedies [were] exhausted," making the filing of the complaint on September 26, 2007 timely. Id. at 6.

## II. Standard of Review

The defendants seek dismissal of the plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6). On a motion to dismiss under Rule 12(b)(6), the Court "must treat the complainant's factual allegations as true and must grant the plaintiff the benefit of the all inferences that can be derived from the facts alleged." Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (internal quotation and citation omitted). Factual challenges are not permitted under Rule 12(b)(6), and the Court may only consider facts alleged in the complaint, any documents attached as exhibits thereto (or incorporated therein), and matters subject to judicial notice in weighing the merits of the motion. EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624-25 (D.C. Cir. 1997). The Court's focus is therefore restricted to the facts as alleged by the plaintiff, which must be sufficiently detailed "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, ___ U.S. ____, 127 S. Ct. 1955, 1965 (2007).

## III. Legal Analysis

The ERISA provides no statute of limitations for initiating a challenge to the denial of benefits under § 502 of the Act. See 29 U.S.C. § 1132(a)(1)(B) (allowing for suit to recover benefits, but listing no accompanying statute of limitations).[2] Where, as here, there is no statute of limitations for the filing of a claim under a federal statute, "a court must, as a general rule, borrow the most closely analogous statute of limitations from the state in which the court sits."

---

[2] The defendants' statute of limitations argument is an affirmative defense, see Fed. R. Civ. P. 8(c)(1) (listing "statute of limitations" as an affirmative defense to be asserted in a defendant's answer), which may be raised on a motion to dismiss pursuant to Rule 12(b)(6) only "when the facts that give rise to the defense are clear from the face of the complaint." Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998). In this case, it is clear from the face of the plaintiff's complaint that her claim would be time-barred assuming that the District of Columbia's three-year statute of limitations for breach of contract claims applies to the plaintiff's ERISA claim and that the doctrine of equitable tolling does not apply.

Connors v. Hallmark & Son Coal Co., 935 F.2d 336, 341 (D.C. Cir. 1991).  In pension benefit situations such as this one, courts in the this Circuit analogize an alleged denial of benefits to a breach of contract claim, which has a statute of limitations of three years under District of Columbia law.  See id. ("[T]he applicable statute is § 12-301(7) of the District of Columbia Code, establishing a three-year limitations period for breach of contract actions."); Walker v. Pharm. Research & Mfrs. of Am., 439 F. Supp. 2d 103, 107 (D.D.C. 2006) (explaining that because the "ERISA does not provide a statute of limitations for § 502 claims," courts must "apply the most analogous state law," which is the District of Columbia three-year statute of limitations for breach of contract actions) (citing D.C. Code § 12-301(7)-(8)).  The parties also agree that utilization of this three-year period is appropriate in this case, Def. NAS Plan's Mot. at 2; Defs. TIAA/SBA's Mot. at 3; Pl.'s Opp'n at 2.

Where the parties' part ways is on the question of when the claim accrued.  The defendants assert that an ERISA claim arises when a clear repudiation of benefits is communicated to the plaintiff.  Def. NAS Plan's Mot. at 3; Def. TIAA/SBA's Mot. at 3.  Although the District of Columbia Circuit has not explicitly addressed this issue in the context of an ERISA claim, the Supreme Court has noted that an ERISA claim can be "guided by principles of trust law," Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 111 (1989), because "ERISA abounds with the language and terminology of trust law," id. at 110.  "[T]o start the statute of limitations [in a trust action] there must be a clear and continuing repudiation of the right to . . . benefits."  Kosty v. Lewis, 319 F.2d 744, 750 (D.C. Cir. 1963) (examining the applicable statute of limitations guidelines for trust actions, which, according to Firestone, can be applied to an ERISA claim).  This "clear repudiation" standard of trust law is properly applied to the

ERISA in determining when a claim arises and the statute of limitations begins to run. See Cobell v. Norton, 260 F. Supp. 2d 98, 106 (D.D.C. 2003) ("The [District of Columbia] Circuit's holding in Kotsy is consistent with the findings of other circuits that have construed the relevant statute of limitations in cases filed under ERISA, which federal courts have been directed to construe in light of the common law principles governing trusts."); see also Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 67 (7th Cir. 1996) (concluding that an ERISA cause of action began to run when the plaintiff's claim was "clearly and unequivocally" rejected); Lewis v. John Hancock Mut. Life Ins. Co., 6 F. Supp. 2d 244, 247 (S.D.N.Y. 1998) (noting that federal law controls an ERISA claim's accrual, and finding that the statue of limitations on such a claim begins when the plaintiff is "unequivocally notified that he [is] no longer entitled to disability benefits" and could administratively appeal the denial). [3]

The plaintiff acknowledges that she was initially denied benefits on August 31, 2004, when she was advised that her benefits had been terminated. Pl.'s Opp'n at 2. Her administrative appeal of this repudiation demonstrates that a reasonable person would have understood the nature and gravity of the defendants' decision. Therefore, the applicable three-year statute of limitations began to run when the plaintiff received this notification on August 31, 2004. Nevertheless, the Court agrees with the plaintiff that her complaint is not barred by the statute of limitations under the doctrine of equitable tolling.

---

[3] In their reply memorandum, the NAS Plan contends that the plaintiff's claim is not subject to tolling because of the discovery rule, which states that an ERISA claim accrues when the injury should have been discovered. Def. NAS Plan's Reply Mem. at 2. As noted by the defendants, the discovery rule is consistent with the "clear repudiation" standard. Id. at 2-3. While it is acknowledged that the discovery rule or clear repudiation standard does apply to the plaintiff, that rule only marks the beginning of the statute of limitations, and does not affect the appropriateness of applying equitable tolling. See Smith v. United States, 518 F. Supp. 2d 139, 156 n.10, 160-61 (D.D.C. 2007) (Walton, J.) (distinguishing between the concept of claim accrual, which incorporates the exception of the discovery rule, and equitable tolling).

The Supreme Court has held that "federal statutes of limitations are generally subject to equitable principles of tolling," Rotella v. Wood, 528 U.S. 549, 560 (2000), and that such principles should apply "unless tolling would be inconsistent with the text of the relevant statute," Young v. United States, 535 U.S. 43, 49 (2002) (internal quotation and citation omitted). To prevail on an equitable tolling claim, a plaintiff must show that "[s]he has been pursuing h[er] rights diligently, and . . . that some extraordinary circumstance stood in h[er] way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). The District of Columbia Circuit has recently applied the doctrine of equitable tolling in a variety of cases, most notably "in cases where strict application [of the statute of limitations] would be inequitable." Phillips v. Heine, 984 F.2d 489, 491 (D.C. Cir. 1993); see also Jankovic v. Int'l Crisis Group, 494 F.3d 1080, 1086-87 (D.C. Cir. 2007) (holding that equitable tolling applies when the plaintiff is unable to find information vital to his claim).

Here, there is good cause to equitably toll the District of Columbia's three-year statute of limitations. In this Circuit, a plaintiff filing an ERISA claim must first exhaust the internal administrative remedies provided by his or her employer. See Commc'n Workers of Am. v. Am. Tel. & Tel. Co., 40 F.3d 426, 431-32 (D.C. Cir. 1994) (finding that exhaustion of administrative remedies is required in an ERISA suit in order to "prevent[] premature judicial interference" and because those procedures will resolve many such claims); Hunter v. Metro. Life Ins. Co., 251 F. Supp. 2d 107, 110 (D.D.C. 2003) (holding that a plaintiff must exhaust administrative requirements provided under an ERISA pension plan even though the statute does not mention such a requirement). Thus, the plaintiff was required to pursue her administrative remedies

before filing her complaint in this Court, which she did by internally appealing the decision terminating her benefits on October 18, 2004.

Plainly, the plaintiff "pursu[ed] [her] rights diligently" when she appealed the termination of her benefits on October 18, 2004. Pace, 544 U.S. at 418. Moreover, the "circumstances" that prevented her from filing her complaint in a timely manner; i.e., this Circuit's administrative exhaustion requirement and the SBA's delay in processing her internal appeal, were insuperable and therefore "extraordinary" within the meaning of Pace. Id. Because a "strict application [of the statute of limitations] would be inequitable" in this situation, Phillips, 984 F.2d at 491, application of equitable tolling doctrine is warranted.

This approach conforms to the practice of courts in other circuits that have examined the applicability of equitable tolling in ERISA cases where exhaustion of administrative remedies is required. See, e.g., Jefferies v. Trs. of the Northrop Grumman Sav. & Inv. Plan, 169 F. Supp. 2d 1380, 1382 (M.D. Ga. 2001) (reasoning that common sense and equity dictate that the statute of limitations in an ERISA case be tolled during the exhaustion of administrative remedies); Wolfe v. 3M Shirt-Term Disability Plan, 176 F. Supp. 2d 911, 916-19 (D. Minn. 2001) (invoking equitable tolling of the statute of limitations while the plaintiff exhausted administrative remedies). These courts have employed equitable tolling in the ERISA setting because they "recognize the procedural quagmire" that confronts a plaintiff who is forced to pursue internal administrative processes if tolling is not applied. Wolfe, 176 F. Supp. 2d at 918. As the court in Wolfe noted, "[i]f a plaintiff files her complaint to avoid the running of the limitations period but prior to fully exhausting her internal remedies, she risks dismissal of her claim for failure to exhaust her administrative remedies;" however, for "a plaintiff who exhausts her internal

remedies as required under the plan itself, [the] ERISA[,] and applicable caselaw, there is a risk that, absent tolling, the limitations period will expire before she files suit in federal court." Id.  In other words, a plaintiff would be forced to either file her complaint too early or risk untimely filing her complaint depending on the vagaries of her employer's internal appeals process.  This untenable choice is manifestly unfair, absent the applicability of equitable tolling where appropriate.

      The Court recognizes that both the Fifth Circuit in Radford v. General Dynamics Corp., 151 F.3d 396 (5th Cir. 1998), and the Eighth Circuit in Mason v. Aetna Life Insurance Co., 901 F.2d 662 (8th Cir. 1990), have refused to apply the doctrine of equitable tolling to claims arising under the ERISA.  See Radford, 151 F.3d at 400 (finding that § 413 of the ERISA, which requires that certain claims arising under the ERISA be raised within six years of the violation at issue or three years of knowledge of the violation, was not subject to equitable tolling); Mason, 901 F.2d at 664 (finding no basis to equitably toll Missouri statute of limitations as applied to the plaintiff's ERISA claim).  However, these cases are easily distinguishable from the plaintiff's situation.  For example, in Mason the plaintiff's claim was untimely even if one assumed that her administrative appeal tolled the statute of limitations for the duration of the appeal.  Mason, 901 F.2d at 664.  The issue before the Eighth Circuit was whether the applicable statute of limitations should be tolled further where the plaintiff's employer allegedly did not clarify when her administrative appeal was decided, see id. (affirming the district court's reasoning that the doctrine of equitable tolling did not apply because the employer had properly notified the plaintiff that her administrative appeal would be deemed denied for finality purposes if a ruling was not issued within sixty days of the appeal and that the employer's "eventual reconsideration"

of its denial did nothing to hamper the plaintiff's right to pursue her claim in a court of law). Radford is even less apropos with respect to the issue of equitable tolling. In that case, the plaintiff filed a complaint "alleging breach of fiduciary duty under [the] ERISA" against his former employer. Radford, 151 F.3d at 398. The District Court for the Northern District of Texas held that the plaintiff's claim was "barred by § 413 of [the] ERISA's six-year statute of limitations." Id. The Fifth Circuit affirmed this decision, reasoning that § 413 of the ERISA, technically a statute of repose rather than a statute of limitations, "serve[d] as an absolute barrier to an untimely suit" and therefore could not be equitably tolled under any circumstances. Id. at 400; see also Alberts v. HCA Inc. (In re Greater Se. Cmty. Hosp. Corp. I), 365 B.R. 293, 305 n.24 (Bankr. D.D.C. 2006) (recognizing that the doctrine of equitable tolling does not apply to statutes of repose).

The ERISA contains no statute of repose applicable to claims arising under § 502 of the Act, and nothing in that section of the statute suggests that the doctrine of equitable tolling is in any way inconsistent with the statute's purpose. See 29 U.S.C. § 1132 (setting forth the criteria for a plaintiff to bring suit under § 502 of the ERISA). Thus, the Court is free to apply the equitable tolling doctrine where, as here, the plaintiff would otherwise face a "procedural quagmire" due to the exhaustion requirements of this Circuit. Wolfe, 176 F. Supp. 2d at 918. The Court therefore concludes that the period of time during which the plaintiff pursued her administrative appeal is equitably tolled in calculating whether the plaintiff's ERISA claim is time-barred.

The TIAA and the SBA argue that the plaintiff's ERISA claim should be dismissed notwithstanding the time consumed by the plaintiff's administrative appeal because she had

ample time to file her complaint after the denial of her appeal and still fallen within the three-year statute of limitations.  See Defs. TIAA/SBA's Reply at 2-3 (noting that the plaintiff had twenty-three months after the denial of her appeal to file a complaint in this Court and remain within the applicable statute of limitations).  But that is not how the doctrine of equitable tolling actually works.  "Principles of equitable tolling usually dictate that when a time bar has been suspended and then begins to run again . . . the time remaining on the clock is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." United States v. Ibarra, 502 U.S. 1, 4 n.2 (1991).

Using this formula, the statute ran for approximately two months between the termination of the plaintiff's benefits in August of 2004 and the filing of her appeal in October of 2004.  The plaintiff then had thirty-four months remaining of the original thirty-six month limitations period. The plaintiff having filed her complaint in this Court within twenty-four months of the denial of her administrative appeal in September of 2005, her complaint filed with the Court was timely and the defendants' motions to dismiss must be denied.

## IV. Conclusion

"Although applied sparingly, the doctrine of equitable tolling is available to a court to soften the harsh result that would obtain from the strict application of a statute of limitations." United States v. BCCI Holdings (Luxembourg), S.A., 916 F. Supp. 1276, 1284 (D.D.C. 1996) (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).  This is one of those rare cases when application of the doctrine is warranted.  The Court will therefore deny the defendants' motions to dismiss and direct them to file their answers to the plaintiff's complaint within ten days of the entry of the order pursuant to Federal Rule of Civil Procedure 12(a)(4)(A).

**SO ORDERED** this 18th day of April, 2008. [4]

REGGIE B. WALTON
United States District Judge

---

[4] An order is being issued simultaneously denying the defendants' motion to dismiss and directing the defendants to file their answers within ten days of the entry of the order.