IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
SONYA PETTAWAY,                      )
                                     )
       Plaintiff,                    )  Case No. 1:07-CV-01721
                                     )
vs.                                  )
                                     )
TEACHERS INSURANCE AND ANNUITY       )
ASSOCIATION OF AMERICA, *et al.*     )
                                     )
       Defendants.                   )
                                     )
_____  )

ANSWER

In answer to Plaintiff's Complaint, defendants Teachers Insurance and Annuity Association of America ("TIAA") and Standard Benefit Administrators ("SBA") (collectively "Defendants") admit, deny, and allege as follows:

    1.    In response to paragraph 1 of Plaintiff's Complaint, Defendants admit that this Court has jurisdiction because these claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

    2.    In response to paragraph 2 of Plaintiff's Complaint, Defendants admit that venue is proper in this court.

    3.    In response to paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff was a resident of Virginia.

    4.    Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

5. In response to paragraph 5 of Plaintiff's Complaint, Defendants admit that Standard Life Insurance Company of New York ("Standard") is a claims administrator for the disability policy at issue.

6. Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. In response to paragraph 7 of Plaintiff's Complaint, Defendants admit that the Disability Plan is underwritten by TIAA.

8. Defendants admit the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. In response to paragraph 9 of Plaintiff's Complaint, Defendants admit that Plaintiff accurately quoted a portion of the Plan defining disability eligibility.

10. In response to paragraph 10 of Plaintiff's Complaint, Defendants admit that Plaintiff suffered an injury on or about January 10, 2000 which limited her ability to work such that she was eligible for long term disability benefits under the Disability Plan.

11. Defendants admit the allegations contained in paragraph 11 of Plaintiff's complaint.

12. In response to paragraph 12 of Plaintiff's Complaint, Defendants admit that her claim for disability was closed and payment of benefits ceased on August 31, 2004.  Defendants further admit that Plaintiff appealed the decision to terminate her benefits.

13. In response to paragraph 13 of Plaintiff's Complaint, Defendants admit that on March 15, 2005 Standard sent Plaintiff a letter detailing the reasons it was upholding the closure of her benefit claim and denying her appeal.

14. In response to paragraph 14 of Plaintiff's Complaint, Defendants admit that after Plaintiff accepted Standard's offer to undergo an IME and that IME supported Standard's earlier conclusion, Standard again denied Plaintiff's appeal in a letter dated September 26, 2005.

15. In response to paragraph 15 of Plaintiff's Complaint, Defendants admit that Plaintiff has exhausted all her administrative remedies.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Except as expressly admitted above, Defendants deny each and every allegation contained in Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

20. As their affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

21. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Denial of Benefits Was Not Arbitrary and Capricious)

22. Without assuming any burden of proof, the decision to deny benefits was not arbitrary and capricious.

### THIRD AFFIRMATIVE DEFENSE
### (Not Disabled Under the Plan)

23 Without assuming any burden of proof, Defendants states that Plaintiff is not disabled as defined by the Disability Plan.

### FOURTH AFFIRMATIVE DEFENSE
### (Improper Party)

24. SBA is not a proper party to this action.

### FIFTH AFFIRMATIVE DEFENSE
### (Contractual Limitation Period)

25. Plaintiff's claim is untimely filed under the terms of the Disability Plan.

WHEREFORE, Defendants pray for judgment as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. Awarding their attorneys' fees and costs incurred in defending this action; and

3. Any other relief this Court deems just and equitable

Respectfully submitted,

By: /s/ Elisabeth Moriarty-Ambrozaitis
Elisabeth Moriarty-Ambrozaitis # 488848

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)


Andrew Altschul (admitted *pro hac vice*)
Buchanan Angeli Altschul, LLP
321 SW 4th Avenue, Suite 600
Portland, Oregon 97204
(503) 974-5015
(971) 230-0337 (facsimile)

Defendants' Attorneys

Dated:   April 28, 2008

## CERTIFICATE OF SERVICE

I hereby certify that one true and accurate copy of the foregoing **Answer** was served electronically and by first class U.S. mail, postage pre-paid this 28th day of April, 2008 upon the following:

>Denise M. Clark, Esq.
>1250 Connecticut Ave., N.W., Ste. 200
>Washington, DC  20036
>(202) 293-0015 (ph)
>(202) 293-0115 (fax)
>*Counsel for Plaintiff*
>
>Karla Grossenbacher, Esq.
>Eyana Smith, Esq.
>SEYFARTH SHAW LLP
>815 Connecticut Avenue, N.W.
>Suite 500
>Washington, D.C. 20006-4004
>(202) 463-2400
>(202) 828-5393 (facsimile)
>*Counsel for Defendant National Academy of Sciences*
>*Group Total Disability Insurance Plan*

>>/s/ Elisabeth Moriarty-Ambrozaitis
>>Elisabeth Moriarty-Ambrozaitis