**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**SONYA PETTAWAY**

        Plaintiff(s),

    v.                      Civil Action No. **07-1721**
                                     **(RBW)**

**TEACHERS INSURANCE AND ANNUITY**
 **ASSOCIATION OF AMERICA, ET AL**

        Defendant(s).

## <u>ORDER FOR INITIAL SCHEDULING CONFERENCE</u>

The above captioned case has been assigned to this Judge for resolution. The

Initial Scheduling Conference ("Conference") will be held on **June 12, 2008 at 9:30 am,**

**in Courtroom 16 on the 6th  Floor** at the E. Barrett Prettyman United States

Courthouse, 333 Constitution Avenue, N.W., Washington, D.C. 20001. Counsel who

attend the Conference must have authority to enter into binding scheduling agreements

and stipulations and be sufficiently familiar with the case to answer any questions which

arise. Parties are welcome and are encouraged to attend the Conference.

All counsel and parties are expected to treat each other and those involved in the

case resolution process with dignity, respect and civility, both in court and during out-of-

court discussions, conferences and discovery proceedings.

Pursuant to LCvR 16.3 of the Local Rules, as amended effective May 17, 2001,

and Fed. R. Civ. P. 26(f), as amended effective December 1, 2000, counsel shall meet

and have discussions about this case at least 21 days prior to the Conference date and submit their Report addressing all topics listed in LCvR 16.3(c) no later than 14 days following their meeting.  Counsel are also directed to either include in their Report or in a supplemental pleading to be filed no later than 72 hours prior to the Conference, a brief statement of the case and the statutory basis for all causes of action and defenses.

Counsel are required to comply with LCvR 16.3 and, in particular, LCvR 16.3(c), as amended May 17, 2001, and attached hereto as Appendix I.  In considering what form of alternative dispute resolution the parties believe is most appropriate in this case, counsel are reminded that among the options available to them are mediation, arbitration, early neutral evaluation, summary jury trial, or any other form of alternative dispute resolution which can be tailored to the needs of this case.

Counsel (including parties who are representing themselves) are advised that the Court takes seriously the filing of the Meet and Confer Statement.  The Statement is one of the essential components of the Court's case management plan, which is designed to ensure that cases are resolved as quickly as possible.  Accordingly, counsel (and pro se parties) are put on notice that failure to file the Statement may result in the imposition of sanctions.  In the event one or more counsel (or pro se parties) find it impossible to submit the Statement because other counsel (or pro se parties) have not been cooperative, the Court shall be advised by the compliant counsel (and pro se parties) of the non-compliance to avoid the imposition of sanctions.  Otherwise, all counsel (and pro se parties) are at risk of having sanctions imposed

2

against them.

Extensions or enlargements of time will only be granted upon motion, and not upon stipulation by the parties. Motions for a continuance or other scheduling changes must be filed at three business days prior to the hearing and must include alternative dates that have been agreed to by all parties. Requests that do not include an alternative date acceptable to all parties will be denied.

Parties are to communicate with the Court by motion, opposition, and reply, not by letter. Inquiries concerning the status of any pending matter shall be directed to the Courtroom Deputy Clerk, Ms. Mattie Powell-Taylor, Courtroom Deputy Clerk (202) 354-3184, or if she is unavailable to the staff person in the Clerk's Office designated as her substitute, and not to chambers. Chambers personnel will not handle questions relating to the status or scheduling of pending matters.

In an emergency, however, chambers can be reached at (202) 354-3290.

**SO ORDERED** on this 1st day of May, 2008.


                                        REGGIE B. WALTON
                                        United States District Court Judge

3

# APPENDIX I

## LOCAL CIVIL RULE 16.3(c)
## DUTY TO CONFER

**(c) Matters to be discussed by the Parties.** At the <u>conference</u> required by this Rule, the parties: <u>must confer to discuss the following matters:</u>

( 1 )  Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

(2)  The date by which any other parties shall be joined or the pleadings amended,  and whether some or all the factual and legal issues can be agreed upon or narrowed.

(3)  Whether the case should be assigned to a magistrate judge- for all purposes, including trial.

(4)  Whether there is a realistic possibility of settling the case.

(5)  Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i)  the client's goals in bringing or defending the litigation;

(ii)  whether settlement talks have already occurred and, if so, why they did not produce an agreement;

(iii)  the point during the litigation when ADR would be most appropriate, with special consideration given to:

(aa)  whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

(bb)  whether ADR should take place before or after the judicial resolution of key legal issues;

(iv)  whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and

(v)  whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

(6)  Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

(7)  Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(l), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

(8)  The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document

4

production, requests for admissions, and depositions.

(9)     Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

(10)   In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

(11)   Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

(12)   The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

(13)   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

(14)   Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

*COMMENT TO LCvR 16.3(c): LCvR 16.3(c) has been amended slightly to conform to the amendments to the Federal Rules of Civil Procedure as amended in December 2000.*

## LOCAL CIVIL RULE 16.3(d)
## DUTY TO CONFER

**(d) REPORT TO THE COURT AND PROPOSED ORDER.** Not later than 14 days following the conference required by this Rule, the attorneys of record and all unrepresented parties that have appeared in the case shall submit to the court a written report outlining the discovery plan and including a succinct statement of all agreements reached with respect to any of the 14 matters set forth in paragraph (c), a description of the positions of each party on any matters as to which they disagree, and a proposed scheduling order. The report shall be submitted jointly, but the parties may submit alternative proposed orders that reflect any disagreements. The plaintiff shall have the duty to ensure timely filing of the report. If, by the time the report is due, any defendant has not responded to the plaintiffs proposed report or declines to join in the report, the plaintiff shall certify in the report that efforts were made to secure that defendant's participation.

If necessary to comply with its expedited schedule for Rule 16(b) conferences, a court may require the written report outlining the discovery plan be filed fewer than 14 days after the conference between the parties, or excuse the parties from submitting a written report and permit them to report orally on their discovery plan at the Rule 16(b) conference as per Rule 26(f). F.R-Civ.P.

*COMMENT TO LCvR 16.3(d): The submission date for the report, folio-wine the Rule 26(f) conference. F.R.Civ.P.. has been extended from 10 to 14 days.*

5