IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SONYA PETTAWAY, )<br>　　　　　　　　　　　　　　　　　　　　) <br>　　　　　　Plaintiff, 　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　　　) <br>vs. 　　　　　　　　　　　　　　　　　　　) <br>　　　　　　　　　　　　　　　　　　　　) <br>TEACHERS INSURANCE AND ANNUITY )<br>ASSOCIATION OF AMERICA, *et al.* 　　) <br>　　　　　　　　　　　　　　　　　　　　) <br>　　　　　　Defendants. 　　　　　　　　　) | Case No. 1:07-CV-01721 |

## JOINT LOCAL RULE 16.3 REPORT

Pursuant to Local Rule 16.3(c), undersigned counsel conferred via telephone on May 21, 2008, and hereby submit their joint written report in the above-captioned case (hereinafter "Report").  The following constitutes the parties' positions with respect to each of the items set forth in Local Rule 16.3.

　　　　1.　　　The parties anticipate that this ERISA denial of benefits case will be decided on motions.  The parties disagree about whether any discovery beyond the administrative record is appropriate, but agree that dispositive motions should not be filed until after any permissible discovery is conducted.

　　　　2.　　　The parties agree to join any other parties or amend their pleadings by July 7, 2008.  The parties do not anticipate the ability to narrow the legal or factual issues.

　　　　3.　　　The parties do not consent to the assignment of this case to a magistrate.

　　　　4.　　　The parties believe there is a realistic possibility of settlement.

5. The parties agree this matter could benefit from the Court's alternative dispute resolution ("ADR") procedures. Specifically, the parties request the case be sent to a court appointed mediator with ERISA litigation experience, and in particular, would request assignment to Ellen Hennessey. The parties also wish to engage in informal settlement negotiations and exchange of information and would request that ADR be set for no sooner than six weeks from the date of the initial conference.

6. The parties propose that the deadline for filing cross-dispositive motions should be at least 30 days after the conclusion of discovery or 30 days after the failure of mediation, whichever is later, with oppositions due three weeks after opening memorandums and replies due two weeks after oppositions. The parties will defer to the Court regarding when the Court will decide any dispositive motions that have been filed.

7. Defendants contend that this case is not subject to Rule 26 disclosures pursuant to Rule 26(1)(B)(i)'s exemption for a case to be decided on review of an administrative record. Plaintiff disagrees. Regardless, the parties agreed that Defendants will produce the complete administrative record, including plan documents, within 15-days of the filing of this Report and Plaintiff will be free to request any supplemental discovery after reviewing the administrative record, subject to the understanding that Defendants are not waiving any objection to discovery.

8. The parties disagree about the scope of discovery. Defendants contend discovery is limited to the administrative record. Plaintiff disagrees. The parties, however, agree that any permissible discovery should be completed within four months after the failure of mediation.

      9.      The parties are not sure any expert reports will be needed beyond the information contained in the administrative record, but agree that if any expert discovery is appropriate it can be completed by the close of discovery.

      10.      This matter is not a class action.

      11.      At this time, the parties do not believe that either trial or discovery should be bifurcated or managed in phases.

      12.      The parties propose that the pretrial conference be scheduled after the Court has ruled on all dispositive motions.

      13.      The parties do not believe a trial date should be set as this matter should be resolved on motions.

      14.      At this time, there are no other matters appropriate for inclusion in a scheduling order.

Respectfully submitted,

By: /s/ Denise M. Clark  
Denise M. Clark, Esq. #420480

1250 Connecticut Ave., NW  
NW Ste 600  
Washington, DC 20036  
(202) 293-0015 (ph)  
(202) 293-0115 (fax)

Attorney for Plaintiff

By: /s/ Karla Grossenbacher  
Karla Grossenbacher, Esq. #442544

SEYFARTH SHAW LLP  
815 Connecticut Avenue, N.W.  
Suite 500  
Washington, D.C. 20006-4004  
(202) 463-2400 (ph)  
(202) 828-5393 (fax)

Attorneys for Defendant National Academy of Sciences Group Total Disability Insurance Plan

3

By: /s/ Andrew M. Altschul
Andrew M Altschul (admitted *pro hoc vice*)

BUCHANAN ANGELI ALTSCHUL &
SULLIVAN, LLP
321 SW 4th Avenue, Suite 600
Portland, Oregon 97204
(503) 974-5015 (ph)
(971) 230-0337 (fax)

Elisabeth Moriarty-Ambrozaitis, #488848
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W.
Suite 500
Washington, D.C. 20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)

Attorneys for Defendants Teachers Insurance and
Annuity Association of America and The Standard
Benefit Administrators

Dated: June 4, 2008

## CERTIFICATE OF SERVICE

      I hereby certify that one true and accurate copy of the foregoing **Joint Local Rule 16.3 Report** was served by Electronic Delivery via CM/ECF Filing this 4th day of June, 2008 upon the following:

| | |
|---|---|
| Denise M. Clark, Esq. #420480 | Karla Grossenbacher, Esq. #442544 |
| 1250 Connecticut Ave., NW<br>NW Ste 600<br>Washington, DC 20036<br>(202) 293-0015 (ph)<br>(202) 293-0115 (fax) | SEYFARTH SHAW LLP<br>815 Connecticut Avenue, N.W.<br>Suite 500<br>Washington, D.C. 20006-4004<br>(202) 463-2400 (ph)<br>(202) 828-5393 (fax) |
| Attorney for Plaintiff | Attorneys for Defendant National Academy Of Sciences Group Total Disability Insurance Plan |

      Respectfully submitted,

By:/s/ Andrew Altschul_____
Andrew Altschul (admitted *pro hac vice*)

BUCHANAN ANGELI ALTSCHUL & SULLIVAN LLP
321 SW 4th Avenue, Suite 600
Portland, Oregon 97204
(503) 974-5015
(971) 230-0337 (facsimile)

Defendants TIAA and SBA Attorneys

Dated:   June 4, 2008